LOPEZ-FLORES v HAMBURG TOWNSHIP

Docket No. 117065. Submitted May 8, 1990, at Detroit. Decided
August 7, 1990.

Crispulo Lopez-Flores filed suit against Hamburg Township, Mc-
Pherson Community Health Center, and others in Wayne
Circuit Court alleging wrongful death and malpractice in con-
nection with the death of plaintiff's son, who drowned in a
boating accident. The action was dismissed without prejudice in
1985. In 1987, plaintiff reinstated the suit, alleging the same
claims as before. The court, James A. Hathaway, J., granted
summary disposition in favor of Hamburg Township and Mc-
Pherson Community Health Center. The order granting sum-
mary disposition to Hamburg Township provided that no costs
or fees were assessed against plaintiff, but if plaintiff were to
institute another action against the township arising out of the
death of plaintiff's son, substantial costs would be assessed
against plaintiff. The order granting summary disposition in
favor of McPherson provided that no costs were assessed
against plaintiff, but that if plaintiff restarted that litigation,
the court would award actual expenses in favor of McPherson
for that case and any additional litigation dismissed by the
court. Plaintiff subsequently filed suit against defendants in
federal district court alleging claims similar to those raised in
Wayne Circuit Court, as well as various civil rights claims.
Defendants moved for summary disposition, which was granted,
apparently without prejudice. Defendants Hamburg Township
and McPherson Community Health Center then filed motions
in Wayne Circuit Court for assessment of costs against plaintiff.
The motions were granted and plaintiff was ordered to pay
Hamburg Township attorney fees of $584 for its defense of the
federal action and to pay McPherson costs and attorney fees of
$1,800. Plaintiff moved to have the orders assessing fees and
costs set aside on the ground that the federal action fell outside
the scope of the circuit court's orders. Plaintiff's motion was

REFERENCES

Am Jur 2d, Costs § 1 et seq.

See the Index to Annotations under Costs of Actions.

dismissed, and the court assessed an additional $25 against him. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court exceeded its authority in awarding defendant Hamburg Township attorney fees to recoup its expenses in defending plaintiff's federal court action. The decision whether to award costs and attorney fees incurred in federal court is up to the federal judge who heard the matter, not a state circuit court judge who had no jurisdiction over that case.

2. To the extent that plaintiff may have been ordered to compensate defendant McPherson for costs and attorney fees arising out of the federal court action, the circuit court erred in refusing to set aside the order. To the extent that plaintiff may have been ordered to compensate McPherson for costs and attorney fees associated with its defense of the 1987 circuit court action, the court also erred in refusing to set aside the order. Plaintiff has not attempted to revive his 1987 state court action, nor has he instituted a subsequent Wayne Circuit Court action which resulted in dismissal by that court. The federal action falls outside the scope of the court's order granting summary disposition.

Reversed.

COURTS — JURISDICTION — COSTS — ATTORNEY FEES.

A circuit court of the State of Michigan has no authority to award costs and attorney fees incurred in a federal court action.

Crispulo Lopez-Flores, in propria persona.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Wayne D. Gardner*), for Hamburg Township.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani*), for McPherson Community Health Center.

Before: MACKENZIE, P.J., and SAWYER and DOCTOROFF, JJ.

PER CURIAM. Plaintiff appeals as of right from an order denying his motion to set aside previous orders which assessed costs and attorney fees against plaintiff and in favor of defendants Ham-

burg Township Police Department and McPherson
Community Health Center. We reverse.

The facts are undisputed. Plaintiff's son drowned
in a boating accident on August 1, 1982. On July
30, 1984, plaintiff, in propria persona, filed in
Wayne Circuit Court an action against the police
department, the health center, and others alleging
wrongful death and malpractice. The action was
dismissed without prejudice in 1985.

On July 27, 1987, plaintiff, in pro per, com-
menced the instant action in Wayne Circuit Court,
alleging the same claims as the earlier case. The
circuit court subsequently granted defendant Ham-
burg Township's motion for summary disposition.
The order granting summary disposition included
the following provision:

> [N]o costs or fees are assessed against Plaintiff
> at this time. However, in the event that Plaintiff
> institutes another action against this Defendant
> arising out of the subject events described in the
> Complaint (i.e. the death of Plaintiff's son), Plain-
> tiff will be assessed substantial costs.

The circuit court also granted defendant McPher-
son's motion for summary disposition. The order
granting the motion stated:

> This matter having come before the Court
> through the Motion of the Defendants, Plaintiff
> having appeared and stipulated to the relief
> sought;
>
> . . . [T]his matter stands dismissed with preju-
> dice and without costs; however, if the Plaintiff
> restarts the instant litigation, the Court will
> award actual expenses in favor of the Defendant
> McPherson Community Health Center for the in-
> stant case in any additional litigation that is dis-
> missed by the Court.

Plaintiff subsequently filed an action in propria persona against defendants in federal district court. That action also arose out of the death of plaintiff's son and alleged claims similar to those raised in state court, as well as various civil rights claims. Defendants moved for summary judgment and the action was dismissed, apparently without prejudice. According to plaintiff, the federal court did not assess costs against him.

Relying on the above-quoted portions of the Wayne Circuit Court's orders, defendants returned to that court and filed motions for assessment of costs against plaintiff. The motions were granted and each defendant was ordered to submit a bill of costs. On February 17, 1989, the court ordered plaintiff to pay to defendant Hamburg Township attorney fees of $584, the amount which, according to its bill of costs, the township spent for its defense of the federal action. The same day, the court also ordered plaintiff to pay costs and attorney fees of $1,800 to defendant McPherson.

Plaintiff subsequently filed a motion to set aside the orders assessing fees and costs. Plaintiff asserted that the orders granting summary disposition provided for sanctions only if he pursued further litigation in the Wayne Circuit Court, so that his federal action fell outside their scope. By order entered April 10, 1989, the court denied plaintiff's motion, assessed an additional $25 against him, and required him to appear for a creditors' examination. This appeal followed.

I

We first consider whether the circuit court erred by refusing to set aside its order requiring plaintiff to compensate defendant Hamburg Township for the cost of defending the federal court action.

Michigan follows the rule that attorney fees may not be recovered as an element of costs unless authorized by statute or court rule. *Baumgardner v Balmer,* 157 Mich App 159, 160; 403 NW2d 525 (1987). When costs are recoverable, any attorney fee may also be recovered if authorized by statute or court rule. *Id.*; MCL 600.2401; MSA 27A.2401, MCL 600.2405(6); MSA 27A.2405(6). We are aware of no statute or court rule which authorizes one court to award costs and attorney fees for services performed in another court. Indeed, our Supreme Court has stated that ordinarily it is the court in which services were rendered that should determine the amount of attorney fees awardable. *In the Matter of the Attorney Fees of Kelman, Loria, Downing, Schneider & Simpson,* 406 Mich 497, 504; 280 NW2d 457 (1979). This apparently is based on the familiarity the court hearing the matter would have with the services performed as well as the appropriateness of an award of attorney fees in the case.

This Court has held that a circuit court must have jurisdiction in order to assess costs. *Oscoda Chapter of PBB Action Committee, Inc, v Dep't of Natural Resources,* 115 Mich App 356, 365-366; 320 NW2d 376 (1982), lv den 417 Mich 905 (1983). Generally, this means the circuit court can assess costs if allowable in circuit court, if the costs were incurred in a proceeding within the jurisdiction of the circuit court, and if the costs were taxed at a time when the circuit judge had jurisdiction to tax costs. *Id.* Accordingly, a circuit court judge may not tax costs incurred on appeal. *Id.* at 365. See also *Minor v Michigan Education Ass'n,* 127 Mich App 196, 203-204; 338 NW2d 913 (1983).

We conclude that the trial court exceeded its authority in awarding defendant Hamburg Township attorney fees to recoup its expenses in defend-

ing plaintiff's federal court action. The decision whether to award costs and attorney fees incurred in federal court should have been left to the federal judge who heard the matter, not a circuit court judge who had no jurisdiction over that case. If the township is aggrieved by plaintiff's filings, its remedy is to seek costs in the court where each action is filed, not to travel back to Wayne Circuit Court requesting costs and attorney fees.

II

It is unclear whether defendant McPherson's $1,800 bill of costs, upon which the circuit court based its order assessing costs against plaintiff, represented a bill for services performed in federal district court or in state circuit court, or both. The bill is largely deficient, specifying neither when the services were rendered nor for which lawsuit they were performed. It references both "circuit court fees," apparently referring to plaintiff's 1987 state court action, and services performed in bringing a motion for summary judgment, apparently referring to plaintiff's federal court action.

To the extent that plaintiff may have been ordered to compensate defendant McPherson for costs and attorney fees arising out of his federal court action, the circuit court erred in refusing to set aside the order. As with the order assessing attorney fees in favor of defendant Hamburg Township, the circuit court lacked the authority to award costs and fees incurred by McPherson in defending the federal action.

To the extent that plaintiff may have been ordered to compensate McPherson for costs and attorney fees associated with its defense of the 1987 circuit court action, the court also erred in

refusing to set aside the order. The order granting summary disposition in favor of McPherson in the 1987 circuit court case provided that the court would award McPherson actual expenses "if the Plaintiff restarts the instant litigation" which is "dismissed by the Court." The language, "the instant litigation," can only be construed to mean plaintiff's 1987 suit. "The Court" can only refer to the Wayne Circuit Court. Plaintiff, however, has not attempted to revive his 1987 state court action. Nor has he instituted a subsequent Wayne Circuit Court action which resulted in dismissal by that court. Plaintiff's federal action therefore falls outside the scope of the court's order granting summary disposition. The court erred in assessing costs and attorney fees on the basis of that order and thus erred in refusing to set aside its order assessing costs in favor of McPherson.

Reversed.