**REALE INVESTMENTS, INC., a Texas corporation, d/b/a Reale Property Investments Incorporated, Plaintiff–Appellant and Cross–Appellee,**

v.

**CITY OF COLORADO SPRINGS, a municipal corporation, Defendant–Appellee and Cross–Appellant.**

No. 92CA0889.

Colorado Court of Appeals, Div. IV.

June 24, 1993.

Flynn & Wright, Bruce Wright, Michael C. Potarf, Colorado Springs, for plaintiff-appellant and cross-appellee.

James G. Colvin, II, City Atty., Robert J. Mack, Sr. Corporate Atty., Colorado Springs, for defendant-appellee and cross-appellant.

Opinion by Judge MARQUEZ.

In this action for inverse condemnation, plaintiff, Reale Investments, Inc. (Reale), appeals the trial court's dismissal of its case on the basis that it was premature. Defendant, City of Colorado Springs, cross-appeals certain findings of the trial court as well as that portion of a summary judgment ruling that Reale had no reasonable use of the entire parcel of property. We dismiss the claim for inverse condemnation and vacate the summary judgment entered on Reale's behalf.

As part of a planned larger development, Reale, in May 1988, purchased an irregularly shaped strip of property approximately 200 feet wide and one-half mile long. In July 1988, Reale submitted a request to have the entire property zoned C–6 (commercial). It is undisputed that the zoning in effect at the time of that request was also in effect at the time Reale purchased the parcel. Also undisputed is that, at the time Reale purchased the property, the city had promulgated a major thoroughfare plan, which contained a proposed minor arterial street going through the property.

The city planning commission held a meeting in June 1989 and agreed to a zone change subject to the condition that Reale dedicate a right-of-way for the minor arterial. Dissatisfied with this, in October 1989, Reale withdrew its request for a zone change.

In May 1990, Reale applied for a change from C–6 to C–6 (CR) (conditions of record) zoning. At a public hearing on July 24, 1990, the city council indicated that it would be willing to rezone the property to C–6 (P) (development plan), which would require a development plan to be approved prior to any building being allowed on the property, and would additionally require the dedication of land for the street. When the request for C–6 (CR) zoning was denied, Reale withdrew the rezoning request.

Reale then instituted this litigation for inverse condemnation, deprivation of property without due process of law, and deprivation of civil rights under 42 U.S.C. § 1983 (1988).

On February 5, 1991, the court granted summary judgment in favor of the city dismissing Reale's due process of law and 42 U.S.C. § 1983 claims, but denied summary judgment on Reale's inverse condemnation claim.

On September 11, 1991, after finding that the imposition of a 100 foot wide island on an "R" (residential) zone renders Reale's entire parcel of property of no reasonable use, the court entered summary judgment on this issue on behalf of Reale. This judgment is the subject of the city's cross-appeal. However, the court determined that there were material issues of fact regarding the difference between the C–6 P and C–6 CR zone, whether a compensable taking had occurred, and on the questions of ripeness or the availability of an alternative remedy.

On April 27, 1992, following a hearing, the court entered judgment dismissing plaintiff's case as being premature. Plaintiff appeals this judgment, but not the judgment dismissing its due process and 42 U.S.C. § 1983 claims.

## I.

■ Reale first asserts that the trial court erred in dismissing its inverse condemnation claim since the city's actions at the July 24, 1990, hearing constitute a final decision by the local governing body subject to judicial review. We disagree.

We also reject Reale's assertion that the trial court erred in relying upon the fact that Reale's parcel had dual zone problems at the time Reale purchased it.

■ A purchaser of property subject to zoning regulations which simply restrict the potential economically viable uses of the property must be deemed to know that such regulations reduce the value, and hence cost, of such property. Zoning ordinances do not constitute unconstitutional confiscations of property merely because they restrict the ability of land owners to realize greater profit from the use of their property. Also, the fact that a plaintiff may have paid more than the land was worth under existing zoning in the hope of securing a zoning change is generally not a factor to be considered in the plaintiff's favor in analyzing a taking claim. *Cottonwood Farms v. Board of County Commissioners*, 763 P.2d 551 (Colo.1988).

■ Here, it is undisputed that the zoning at issue was in effect when Reale purchased the property. In such a circumstance, a compensable taking occurs only if the property owner is deprived of all reasonable use of the property. *See Jafay v. Board of County Commissioners*, 848 P.2d 892 (Colo.1993); *Cottonwood Farms v. Board of County Commissioners, supra.*

■ However, a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. *Williamson Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).

■ When the zoning does not deny a landowner all economically viable use of his property or when he has not sought and been denied relief, there is no constitutional violation. *Applebaugh v. Board of County Commissioners*, 837 P.2d 304 (Colo.App. 1992).

A court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes. That effect cannot be measured until a final decision is made as to how the regulations will be applied to the property in question. *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986).

Here, because Reale withdrew its zoning request, there has been no final decision. Nor has Reale submitted either a development plan or requests for variances from existing zoning restrictions. *See Williamson Planning Commission v. Hamilton Bank, supra.* We conclude that, under these circumstances, the controversy is not ripe for judicial disposition, and thus, the claim for inverse condemnation is not viable.

Similarly, the summary judgment entered on Reale's behalf cannot stand.

Reale's remaining contentions are without merit.

**II.**

Asserting that the entire property is currently zoned R, the city contends in its cross-appeal that the trial court erred in finding that half of the Reale property is zoned R and half is zoned C–6. We conclude that the record is insufficient to allow us to pass judgment on this finding. However, in view of our determination that the claim for inverse condemnation must be dismissed, this finding must also be vacated.

The claim for inverse condemnation is dismissed without prejudice, and the summary judgment entered on Reale's behalf is vacated.

JONES and VAN CISE *, JJ., concur.

---

\* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).