**Donald McCOY, Maryam Saffari–Parizi, and Wayne Dzingle, Plaintiffs,**

**v.**

**Togo WEST, Jr., the Secretary of the Army, The Department of the Army, and Stephen Kimball, Defendants.**

Civil Action Nos. 95–B–132, 95–B–2799.

United States District Court, D. Colorado.

June 5, 1997.

Alison Ruttenberg, Denver, CO, for Plaintiff.

George A. Kokus, Denver, CO, for Defendant Kimball.

## MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

All claims against Stephen Kimball were voluntarily dismissed by plaintiffs pursuant to my order of March 14, 1997. Kimball moves to strike the portion of my order that indicates the parties shall bear their own costs and attorney fees. Further, Kimball moves for attorney fees under Fed.R.Civ.P. 11 and Colo.Rev.Stat. § 13–17–101 et seq. For the following reasons, I will deny Kimball's motions.

Plaintiff, Maryam Saffari–Parizi, filed a claim for outrageous conduct against Kimball on November 6, 1995. Kimball filed a motion for summary judgment on March 3, 1997. Parizi and the other plaintiffs settled all of their claims with the other defendants. Parizi moved to voluntarily dismiss her claim against Kimball on March 11, 1997.

Kimball argues that Parizi's failure to respond to his summary judgment motion "clearly infers [sic] that Plaintiff and her counsel knew, or in the exercise of reasonable pre-filing diligence should have know [sic], at the outset of this action that the claims against Kimball were groundless and frivolous." Kimball thus moves for sanctions against Parizi and her counsel under Fed.R.Civ.P. 11 and Colo.Rev.Stat. § 13–17–101 et seq.

Parizi argues that Kimball's motions should be denied because he: (1) failed to comply with D.C.Colo.LR 7.1(A); and (2) failed to comply with the pre-filing service procedure outlined in Rule 11(c)(1)(A), which preempts Colo.Rev.Stat. § 13–17–101 et seq. to the extent they are inconsistent. I agree with Parizi, and I will deny defendant's motions.

### I. *Local Rule 7.1(A)*

D.C.Colo. LR 7.1(A) requires that before filing any motion, other than under Fed.R.Civ.P. 12 and 56, the moving party shall confer with the opposing party to attempt to resolve the disputed matter. Local Rule 7.1(A) also requires that the moving party file a certificate describing specifically his efforts to comply with this rule. Kimball has presented no evidence of his effort to comply with this rule, and his motions are untenable on that basis alone.

### II. *Procedural Requirements of Fed. R.Civ.P. 11*

Kimball has also failed to comply with the procedural requirements of Rule 11(c)(1)(A). Rule 11(c)(1)(A) was amended in 1993 to provide that a motion for sanctions may not be filed with the court until 21 days after it has been served upon the opposing party and only if the opposing party has not withdrawn the challenged allegation or paper. The purpose of this provision is "to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Advisory Committee Notes to 1993 amendments. Kimball failed to serve his motion on Parizi before filing it with the court, and his motion for sanctions under Rule 11 cannot be maintained.

Further, to the extent Colo.Rev. Stat. § 13–17–101 et seq. is inconsistent with the procedural safe-harbor provisions of Rule 11, it is preempted. "[A] federal district court in a diversity case is neither required, nor indeed permitted, to apply state law to a matter covered by a Federal Rule of Civil Procedure." *Hiatt v. Mazda Motor Corp.,* 75 F.3d 1252, 1258 (8th Cir.1996). When a matter is covered by a Federal Rule, a federal court need not perform a full *Erie* analysis to determine whether the matter is substantive

or procedural. As the Supreme Court has stated:

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1143–1144, 14 L.Ed.2d 8 (1965).

Further, the Supreme Court has directed that district courts should look beyond the terms of the Federal Rule only when there is some question whether "the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court." *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749–50, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980). Federal Rules must be applied even where their application will produce different results from application of state law. *Burlington No. R.R. Co. v. Woods,* 480 U.S. 1, 6, 107 S.Ct. 967, 970, 94 L.Ed.2d 1 (1987). In addition, in determining whether a Federal Rule infringes on state substantive rights, the Court has stated that the Federal Rules are entitled to "presumptive validity" under both the Rules Enabling Act and the Constitution. *Id.*

Therefore, I am presented with a two-step inquiry. First, I must determine whether the matter at issue is within the scope of Rule 11. If so, I must determine whether Kimball has presented an argument sufficient to overcome the presumptive validity of Rule 11 under the Rules Enabling Act and the Constitution. Neither step is complicated here.

Rule 11 clearly encompasses the matter before me. Kimball seeks sanctions against Parizi and her attorney for filing a frivolous and groundless claim against him. Both Rule 11 and Colo.Rev.Stat. § 13–17–101 et seq. provide a means to that end. Rule 11, however, includes a "safe-harbor" provision not included within the Colorado statutes. Fed.R.Civ.P. 11(c)(1)(A). There is no ques-

tion, then, that the safe-harbor provision of Rule 11 controls absent some showing of Rule 11's invalidity by Kimball. Kimball has made no effort to challenge the validity of Rule 11 under either the Rules Enabling Act or the Constitution. Therefore, I must presume Rule 11 to be valid and deny Kimball's request for sanctions under Colo.Rev.Stat. § 13–17–101 et seq.

In sum, Kimball has demonstrated no basis for either amending my order of March 14, 1997, or ordering sanctions against Parizi or her attorney. Accordingly, it is ORDERED that:

1. Kimball's motion to amend my order of March 14, 1997, is DENIED;

2. Kimball's motion for sanctions against Parizi and her attorney is DENIED.