Anthony PARKER and Keoni Waxman, individually and d/b/a Postcard Pictures, Plaintiffs–Appellees,

v.

Jay B. DAVIS and My Town Pictures, Inc., a Colorado corporation, Defendants,

and concerning David W. Doyle, Appellant.

No. 93CA0385.

Colorado Court of Appeals, Div. A.

June 16, 1994.

As Modified on Denial of Rehearing (Parker) July 21, 1994.

Rehearing Denied (Davis) Aug. 25, 1994.

Certiorari Denied Jan. 30, 1995.

Robert L. New, Denver, for plaintiffs-appellees.

Strate and Tondre, P.C., Brice A. Tondre, Wheat Ridge, for appellant.

Opinion by Chief Judge STERNBERG.

Attorney David W. Doyle defended Jay B. Davis and My Town Pictures, Inc., in a suit brought by Anthony Parker and Keoni Waxman. The trial court imposed sanctions against Doyle under the Attorney Fees Act, § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). He appeals, and we affirm.

The plaintiffs' complaint alleged that Davis had fraudulently induced them to enter into a set of contracts and then formed a corporation, My Town Pictures, Inc., to convert the funds paid under the agreements.

The trial court entered judgment against Davis and My Town Pictures, Inc., on the fraud and conversion claims "as a sanction for the repeated disregard of the rules of civil procedure and for the failure to file disclosure or supplemental disclosure certificates." The trial court also ordered that the scheduled trial would be limited to a determination of the plaintiffs' damages.

Davis and My Town Pictures filed petitions in bankruptcy four days before the scheduled trial date, and the trial court proceedings were automatically stayed under 11 U.S.C. § 362(a) (1988). Davis directed Doyle not to inform the plaintiffs of this development, and consequently, they continued their preparations for trial. When the plaintiffs appeared in court and learned that the trial was stayed as a result of the bankruptcy filings, they requested that sanctions be imposed against Doyle.

Because the motion involved confidential information in the context of an attorney-client dispute, at Doyle's request it was assigned to another judge. There, a hearing was held, and the court ruled that the plaintiffs were entitled to an award of $6,479.75 in attorney fees. The case was then transferred back, and the trial court amended the order to include an award of $1,387.40 for the attorney fees incurred in pursuing the motion for sanctions.

## I.

Doyle contends that he should not be subject to sanctions because his failure to notify the plaintiffs of the bankruptcy filings was based on a good faith belief that he was required to follow his clients' instructions. We disagree.

Shortly before the bankruptcy petitions were filed, Doyle informed Davis that he had a professional obligation to notify the plaintiffs immediately, and he also informed Davis that the failure to provide notice could be considered vexatious conduct warranting the imposition of sanctions. After receiving this advisement, Davis consulted with a bankruptcy attorney and then instructed Doyle to withhold notice from the plaintiffs. Davis indicated to Doyle that he needed to prevent the plaintiffs from filing a motion in the bankruptcy court to lift the stay because he was not prepared to oppose such a motion and because an order allowing the trial court hearing to proceed might adversely affect the outcome of the bankruptcy case.

In our view, Doyle cannot avoid responsibility for his conduct by claiming that he was "just following instructions" of his clients. Under the version of the Code of Professional Responsibility then in effect, the ultimate responsibility for certain decisions concerning the conduct of litigation could lie with either the attorney or the client, depending on the nature of the decision. Specifically, Code of Professional Responsibility EC 7–7 provided as follows:

> In certain areas of legal representation not affecting the merits of the cause or substantially prejudicing the rights of a client, a lawyer is entitled to make decisions on his own. But otherwise the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on his lawyer.

During the hearing on the motion for sanctions, a bankruptcy attorney testified that he had advised Davis, in Doyle's presence, that an adverse ruling in the trial court proceeding "would have affected his ability as a Chapter 13 debtor." This testimony established that Doyle may have had a reasonable basis, under the circumstances, for accepting Davis' assertion that his rights in the bankruptcy proceeding could have been substantially prejudiced by providing timely notice to the plaintiffs. We note, however, that the

bankruptcy proceeding was a public proceeding.

Although the Code of Professional Responsibility prohibited a lawyer from taking any action that would "prejudice or damage his client during the course of the professional relationship," Code of Professional Responsibility DR 7–101(A)(3), the Code also provided that: "[T]he duty of a lawyer to represent his client with zeal does not militate against his concurrent obligation to treat with consideration all persons involved in the legal process and to avoid the infliction of needless harm." Code of Professional Responsibility EC 7–10. *See People v. Schultheis,* 638 P.2d 8 (Colo.1981) (a lawyer's duty to his client is limited by the Code of Professional Responsibility and his obligations and duties as an officer of the court).

Since Doyle was faced with an irreconcilable conflict between his duty to his clients and his professional obligations to opposing counsel, he would have been justified in requesting permission to withdraw from the case. Doyle elected not to pursue this option. Thus, it was not an abuse of the trial court's discretion to hold him accountable for the decision he made.

## II.

Doyle next contends the trial court failed to make sufficient findings to support the initial award of attorney fees. We disagree.

## A.

■ We perceive no merit in Doyle's contention that the trial court erred in failing to apportion some of the fault to the defendants.

Under § 13–17–102(3), C.R.S. (1987 Repl. Vol. 6A): "[W]hen a court determines that reasonable attorney fees should be assessed, it shall allocate the payment thereof among the offending attorneys and parties, jointly or severally, as it deems most just, and may charge such amount, or portion thereof, to any offending attorney or party."

Here, although the plaintiffs' motion requested that sanctions be imposed only against Doyle, Doyle raised the defense that

his clients should bear some of the responsibility for the plaintiffs' attorney fees. The trial court implicitly rejected this argument by concluding that Doyle should be held fully accountable for his decision to ignore his obligations to opposing counsel. This determination, in our view, was well within the range of discretion afforded the trial court under § 13–17–102(3).

## B.

■ We also reject Doyle's contention that the order imposing sanctions is deficient under the standard established by *Pedlow v. Stamp,* 776 P.2d 382 (Colo.1989), because it did not address the factors set forth in § 13–17–103(1), C.R.S. (1987 Repl.Vol. 6A), and it did not specify the reasons for the award.

The following factors are listed in § 13–17–103(1):

(a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;

(b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;

(c) The availability of facts to assist a party in determining the validity of a claim or defense;

(d) The relative financial positions of the parties involved;

(e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;

(f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;

(g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;

(h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

None of the factors listed above were placed in issue during the sanctions hearing, and consequently, the trial court was under no obligation to issue specific findings. *See*

*Sullivan v. Lutz,* 827 P.2d 626 (Colo.App. 1992).

The only issue before the trial court was whether Doyle's failure to provide notice was justified, and the order resolving this issue is sufficiently explicit to permit appellate review of the justification for the award. Consequently, we conclude that the trial court's findings were adequate. *See Mau v. E.P.H. Corp.,* 638 P.2d 777 (Colo.1981); *Murray v. Rock,* 147 Colo. 561, 364 P.2d 393 (1961).

### III.

■ We also disagree with Doyle's contention that the trial court erred in awarding the plaintiffs the attorney fees they incurred in pursuing the motion for sanctions.

■ It is true, as Doyle argues, that a party is not automatically entitled to recover the expenses incurred in successfully pursuing a motion for sanctions; instead, attorney fees may be awarded only if the trial court determines that the defense to the motion lacked substantial justification. *Little v. Fellman,* 837 P.2d 197 (Colo.App.1991). *See Depositors' Committee v. Financial Management Task Force, Inc.,* 809 P.2d 1095 (Colo. App.1991).

However, it is equally true that a party or his attorney may make statements that have the effect of waiving valuable rights. *See Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986). Here, the record reveals that Doyle made statements on the record that precluded the need for proof on this issue. We hold that Doyle's judicial admissions dispensed with the need for any further proof at the hearing on the motion for sanctions, and therefore, the trial court did not err in awarding attorney fees incurred in pursuing the motion for sanctions.

The orders are affirmed.

PIERCE * and VAN CISE, JJ., concur.