Ronald E. **WHEELER**, Plaintiff–
Appellant,

v.

**T.L. ROOFING, INC.**, Defendant–
Appellee.

No. 02CA0713.

Colorado Court of Appeals,
Div. I.

May 22, 2003.

Rehearing Denied July 3, 2003.

Shand, Newbold & Chapman, P.C., Paul W. Whistler, Durango, Colorado, for Plaintiff–Appellant.

Gregory & Golden Attorneys at Law, Daniel A. Gregory, Durango, Colorado, for Defendant–Appellee.

Opinion by Judge GRAHAM.

Plaintiff, Ronald E. Wheeler, appeals the trial court's order awarding attorney fees and costs to defendant, T.L. Roofing, Inc. We affirm and remand for an award of defendant's appellate attorney fees.

In January 1996, defendant, a subcontractor, entered into an agreement with plaintiff to construct a standing seam roof. The agreement contained a fee-shifting provision: "In the event of a breach of this agreement by either party, the breaching party shall pay all reasonable attorney's fees, collection fees and costs of the other party incident to any action brought to enforce this agreement."

Defendant's scope of work was limited to the installation of snap-lock, standing seam metal panels and certain flashing. Other subcontractors also performed work on the roof. Plaintiff acted as his own general contractor.

Defendant completed all work under the contract in March 1996. When plaintiff failed to pay for the work performed, defendant filed a lien against plaintiff's property and a small claims action seeking the amount due under the contract.

In July 1996, the parties reached an agreement under which plaintiff would pay $600 per month for three months as a full and final settlement, commencing in August, and defendant would dismiss the lien and small claims action. The trial court determined that this settlement agreement was an executory accord.

Although defendant complied, in August 1996, plaintiff informed defendant that he would pay only if defendant completed additional work that was not part of the original contract. The cost of the additional work was $479.

In January 1997, plaintiff informed defendant that in October 1996 he noticed that the roof was leaking. Plaintiff asserted that the leak caused over $33,000 in damages, including the cost to remove and replace the roof.

Plaintiff filed a complaint against defendant alleging breach of contract, breach of an express and implied warranty, negligence, and deceptive trade practices. Plaintiff asserted that the roof leaked as a result of defendant's defective installation and poor workmanship.

Defendant filed a counterclaim alleging breach of contract for failure to pay and sought $1,922.76, the balance due under the original contract. Although defendant denied liability, it submitted a $10,000 statutory offer of settlement to settle any and all claims made by plaintiff. Plaintiff rejected the offer.

Before trial, the court dismissed plaintiff's negligence and deceptive trade practices claims on summary judgment.

The trial court found that there was no evidence to demonstrate that the leaks, or the repairs made, were the result of work performed by defendant, noting that defendant was only responsible for the installation of the metal roof panels and that it had no responsibility for the underlayment, which included the decking, ice and water shield, and felt. The court concluded that any defects in defendant's work were minor, did not cause the leak, and did not cause the complete removal of the old roof and installation of a new one. The court viewed this question as a fundamental issue in the case.

The court also determined that the installation method used by defendant complied with an acceptable standard for workmanship.

As to defendant's breach of contract counterclaim, the court found that plaintiff's insistence on the performance of additional work constituted a breach of the executory accord, and thus, defendant was entitled to make a claim under the original contract.

The court concluded that defendant performed its obligations under the contract, except for missing clips and some improperly snapped seams, and that plaintiff had breached the agreement.

The trial court then awarded defendant $2,401.76, which included $1,922.76 for the balance remaining under the original contract and $479.00 for the additional work that was outside the scope of the original contract.

The court found that defendant's minor breach related to materials and workmanship concerning "missing Z clips" and "seams on the roof which were not snapped properly" and awarded plaintiff $400, the cost of repair damages.

Both parties asserted that they were entitled to attorney fees under the fee-shifting clause of the parties' contract. Defendant also contended that it was entitled to attorney fees because plaintiff's negligence and deceptive trade practices claims were frivolous.

The trial court concluded that defendant was the prevailing party under the net judgment rule referred to in *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 331 n. 11 (Colo.1994), and was therefore entitled to recover attorney fees and costs. In so holding, the court determined that, although plaintiff alleged and proved breach by defendant of its warranty obligations, he did not prevail on his principal assertion that the breaches justified removing the roof and entirely replacing it.

The court thus determined that defendant was entitled to attorney fees and all costs incurred in defending plaintiff's claim for damages in removing and replacing the roof.

However, the court noted that, because $479 of defendant's recovery was not pursuant to a contract with a fee-shifting provision, attorney fees could not be awarded for the work allocated to that claim.

The trial court also found that plaintiff's negligence and deceptive trade practices claims lacked substantial justification and awarded defendant attorney fees and costs for defending against these claims. Defendant was awarded $25,725 in attorney fees and $5,313.87 in costs. This appeal followed.

## I. Fee-shifting Provision

Plaintiff contends that the trial court erred in finding that defendant was the prevailing party and entitled to attorney fees and costs under the net judgment rule. Plaintiff maintains that, because he succeeded on the merits of his claim for breach of warranty, he was entitled to an award of attorney fees and costs pursuant to the express language of the fee-shifting provision in the contract. We disagree.

### A. Prevailing Party

■ We first reject the notion that the fee-shifting provision here somehow barred the trial court from determining who was the prevailing party.

Plaintiff suggests that the fee-shifting provision is couched in terms of "breaching," as opposed to "prevailing," and therefore the court erred in finding that defendant prevailed. However, both parties and the court treated the provision as one that shifted the risk of incurring fees to the losing party. In this litigation, the parties indicated no practical difference between the concepts of awarding fees against a breaching party and awarding fees to the prevailing party.

Plaintiff's trial briefs argued that "[he] had established liability" and "that attorney's fees are recoverable by the party who prevails on liability." In that same vein, defendant urged in its trial brief that it had "prevailed" and that "plaintiff cannot be considered a prevailing party." We decline to give the contract an interpretation different from that given by the parties in the trial court. *See*

*Fire Ins. Exch. v. Rael,* 895 P.2d 1139 (Colo. App.1995).

### B. Attorney Fees

■ We also reject plaintiff's contention that there can be two prevailing parties where both parties breach the contract.

■ In the absence of a specific statute, court rule, or contract provision to the contrary, attorney fees are not recoverable by a prevailing party in a contract or tort action. *Bernhard v. Farmers Ins. Exch.,* 915 P.2d 1285 (Colo.1996); *Grynberg v. Agri Tech, Inc.,* 985 P.2d 59 (Colo.App.1999), *aff'd,* 10 P.3d 1267 (Colo.2000).

■ Fee-shifting provisions are expressly designed to reject the otherwise applicable rule that the losing party does not have to pay the winner's attorney fees. This contractual balancing is not intended to result in each side paying the other's fees. Instead, these provisions generally contemplate that the prevailing party will be entitled to recover its attorney fees and that there will be one winner and one loser regarding payment of those fees. However, we recognize that, in a proper case, the trial court may rule that neither party prevailed and award no fees. *See Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra* (under contractual fee-shifting provision, a party in whose favor the decision is rendered is the prevailing party).

We further conclude that the court did not abuse its discretion in applying a net judgment analysis to determine the prevailing party.

■ Here, the trial court awarded defendant attorney fees as the prevailing party under the holding of *Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra.* The determination of which party prevailed is committed to the discretion of the trial court and is subject to an abuse of discretion standard of review on appeal. *Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra,* 884 P.2d at 328 n. 6 (citing *Smith v. Freeman,* 921 F.2d 1120, 1122 (10th Cir.1990)).

The *Spencer Contractor* court ruled that a party prevails if the issue of liability is resolved in its favor, even where damages are

not awarded. There, the contract called for the contractor to build a sewer line. Unexpected delays and disputes over the contractor's role in those delays resulted in a settlement agreement, which Aurora breached. Although Aurora was successful in arguing that no damages resulted from its breach of the settlement agreement, the supreme court held that "awarding attorney fees to Aurora would effectively confer a benefit upon a party for violating its own agreement." Thus, the court held that "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra,* 884 P.2d at 330, 332.

The court rejected the argument that to prevail, a party must succeed on a significant issue in the case and achieve some of the benefits that it sought in the lawsuit. *See Overland Dev. Co. v. Marston Slopes Dev. Co.,* 773 P.2d 1112 (Colo.App.1989).

Plaintiff argues that the trial court abused its discretion in finding that defendant prevailed because this finding necessarily ignores the holding in *Spencer Contractor* and the fact that plaintiff prevailed on his claim of breach and recovered damages. We are not persuaded.

■ In *Spencer Contractor,* the supreme court referred to the net judgment rule expressed in *Harris Market Research v. Marshall Marketing & Communications, Inc.,* 948 F.2d 1518 (10th Cir.1991). However, it determined not to resolve adoption of the net judgment rule in the case before it because Aurora had breached both the construction agreement and the settlement agreement. *Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra,* 884 P.2d at 331 n. 11; *cf. Harris Mkt. Research v. Marshall Mktg. & Communications, Inc., supra,* 948 F.2d at 1528 (giving deference to the trial court's application of a net judgment analysis and recognizing that "there can be only one prevailing party and one award of attorneys' fees"). We agree that, where both parties have prevailed in part on the question of liability, the trial court is free to determine

which is prevailing for purposes of applying a fee-shifting agreement.

Here, the trial court was in the best position to determine which party ultimately prevailed. *See Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra; Szoboszlay v. Glessner,* 233 Kan. 475, 664 P.2d 1327 (1983). We therefore conclude that the trial court did not abuse its discretion in ruling that defendant prevailed on the central issue in dispute.

### C. Costs

Both parties sought costs pursuant to the fee-shifting agreement and C.R.C.P. 54(d). We perceive no error in the award to defendant.

C.R.C.P. 54(d) provides, in pertinent part, that "[e]xcept when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

■ Based on the same reasoning we have applied to the award of attorney fees, we conclude that an award of costs to a single prevailing party is justified where both parties prevail on some aspect of the issues in dispute. Thus, the trial court properly exercised its discretion in awarding costs to defendant as the prevailing party.

Although we recognize that defendant made a statutory offer of settlement pursuant to § 13–17–202, C.R.S.2002, we do not need to address its impact here because the trial court determined, and we agree, that defendant was the prevailing party for the purposes of an award of costs under the fee-shifting provision and C.R.C.P. 54(d).

### II. Frivolous and Groundless Claims

Plaintiff also contends that the trial court abused its discretion in awarding defendant attorney fees and costs under § 13–17–101, C.R.S.2002, in connection with plaintiff's negligence and deceptive trade practices claims. We disagree.

■ The determination whether a claim or defense is groundless or frivolous under § 13–17–102, C.R.S.2002, is within the discretion of the trial court, whose decision will not

be disturbed on appeal if supported by the record. *Schoonover v. Hedlund Abstract Co.*, 727 P.2d 408 (Colo.App.1986).

 A claim or defense is groundless if the allegations of the complaint, although sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence. *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984); *Travers v. Rainey*, 888 P.2d 372 (Colo.App.1994). A claim is "groundless" if the proponent has a valid legal theory, but can offer little or no evidence to support the claim. *Bilawsky v. Faseehudin*, 916 P.2d 586 (Colo.App.1995).

 A claim or defense is frivolous if the proponent cannot present a rational argument based on the evidence or law in support of that claim or defense. *W. United Realty, Inc. v. Isaacs, supra.* However, this test does not apply to legitimate attempts to establish a new theory of law or good faith efforts to extend, modify, or reverse existing law, even if the proponent does not prevail. Section 13–17–102(6), C.R.S.2002; *W. United Realty, Inc. v. Isaacs, supra.*

## A. Negligence Claim

 Plaintiff argues that, because the economic loss doctrine was unsettled in Colorado when he filed his complaint, the trial court abused its discretion in finding that his negligence claim lacked substantial justification under that doctrine. We are not persuaded.

A division of this court first adopted the economic loss rule in *Jardel Enterprises, Inc. v. Triconsultants, Inc.*, 770 P.2d 1301 (Colo.App.1988). There, a restaurant owner was not allowed to bring a negligence claim against a subcontractor for lost profits resulting from the delayed opening of the restaurant when the subcontractor misread the building plans and constructed the building foundation in the wrong location. The division cited the economic loss rule as the basis for its holding:

> As a general rule, no cause of action lies in tort when purely economic damage is caused by negligent breach of a contractual duty. This economic loss rule prevents recovery for negligence when the duty breached is a contractual duty and the harm incurred is the result of failure of the purpose of the contract.

*Jardel Enters., Inc. v. Triconsultants, Inc., supra*, 770 P.2d at 1303 (citation omitted).

Here, the trial court reasoned that there were numerous court of appeals decisions establishing the economic loss principle and that plaintiff did not present any good faith argument for modification or reversal of the existing law. The court also determined that plaintiff did not allege a breach of duty existing independently of the contract.

Although the supreme court had not yet announced *Town of Alma v. Azco Construction, Inc.*, 10 P.3d 1256 (Colo.2000), and *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267 (Colo.2000), when plaintiff filed his complaint, divisions of this court had already applied the economic loss rule in a number of cases. *See, e.g., Terrones v. Tapia*, 967 P.2d 216 (Colo.App.1998)(the economic loss rule bars negligence claim for lost profits as a result of restaurant owner's inability to use drive-through window); *Chellsen v. Pena*, 857 P.2d 472 (Colo.App.1992)(economic loss rule bars action for negligent termination of employment); *Scott Co. v. MK–Ferguson Co.*, 832 P.2d 1000 (Colo.App.1991)(the rule bars subcontractor's negligence claim because no independent duty was breached); *Centennial Square, Ltd. v. Resolution Trust Co.*, 815 P.2d 1002 (Colo.App.1991)(upholding dismissal of borrowers' negligence claim against lender because no independent duty was breached); *cf. Consol. Hardwoods, Inc. v. Alexander Concrete Constr., Inc.*, 811 P.2d 440 (Colo.App.1991)(allowing homeowner's negligence claim against subcontractor because independent duty was breached).

Here, plaintiff based his negligence claim on defendant's alleged failure to use the degree of skill and care required under the contract. This duty arose from the contract, which expressly provided that the work be done in a workmanlike manner according to industry standards. Thus, plaintiff's negligence claim was not based on an independent duty of care under tort law, but was based on the warranties and promises of the contract.

Furthermore, plaintiff did not advance a theory of damages other than economic damages, and he did not attempt to establish a new theory of law or to extend, modify, or reverse existing law regarding the economic loss rule.

We therefore conclude that the trial court did not abuse its discretion in finding that plaintiff's negligence claim was frivolous and groundless and in awarding attorney fees to defendant for defending that claim.

### B. Deceptive Trade Practices Claim

■ We also reject plaintiff's contention that he established a good faith factual basis upon which to pursue a deceptive trade practices claim.

■ To prove a private cause of action under the Colorado Consumer Protection Act, § 6–1–101, et seq., C.R.S.2002, for deceptive trade practices, a plaintiff must show that: (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) it significantly impacted the public as actual or potential consumers of the defendant's goods, services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–147 (Colo. 2003); *Hall v. Walter*, 969 P.2d 224 (Colo. 1998).

Section 6–1–113(3), C.R.S.2002, provides:

Any person who brings an action under this article that is found by the court to be groundless and in bad faith or for the purpose of harassment shall be liable· to the defendant for the costs of the action together with reasonable attorney fees as determined by the court.

Here, the trial court found that plaintiff presented no evidence to support his deceptive trade practices claim. Specifically, the court noted that plaintiff "did not allege, nor is there any showing in any factual material submitted by the parties that the alleged conduct of [defendant] significantly impacts the public as an actual or potential consumer."

We agree. Thus, we conclude that the trial court did not abuse its discretion in finding that plaintiff's deceptive trade practices claim was frivolous and groundless and in awarding attorney fees to defendant for defending that claim.

### III. Appellate Fees

■ On appeal, defendant requests attorney fees pursuant to C.A.R. 38(d) and the fee-shifting provision of the contract. Although we disagree with defendant's assertion that the appeal was frivolous, groundless, or prosecuted for the purpose of harassment or delay, *see In re Custody of C.J.S.*, 37 P.3d 479 (Colo.App.2001), defendant is entitled to an award of appellate fees under the contract because it has prevailed.

The order is affirmed. The case is remanded to the trial court to determine and award the attorney fees associated with this appeal to which defendant is entitled.

Judge VOGT and Judge CRISWELL *, concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.