COLORADO COURT OF APPEALS                                   2017COA109

Court of Appeals No. 16CA0824
City and County of Denver District Court No. 13CV33733
Honorable Catherine A. Lemon, Judge

James Klein and Beth Klein,

Plaintiffs-Appellants,

v.

Tiburon Development LLC, a Colorado corporation; and David Sell,

Defendants-Appellees.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE WELLING
Graham and Casebolt*, JJ., concur

Announced August 10, 2017

Ridley, McGreevy & Winocur, PC, Robert T. Fishman, Denver, Colorado, for
Plaintiffs-Appellants

Roy W. Penny, Jr., P.C., Roy W. Penny, Jr., Denver, Colorado, for Defendant-
Appellee Tiburon Development LLC

The Law Office of Lauren A. Burnett, P.C., Lauren A. Burnett, Avon, Colorado,
for Defendant-Appellee David Sell

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1     This is this case's second visit to this court. Last time around, a division of this court affirmed the district court's judgment on the merits. The present appeal involves the district court's decision to award one side their attorney fees and deny the other side theirs. Specifically, Beth and James Klein (the Kleins) appeal the district court's judgment refusing to award them their attorney fees and costs pursuant to a line of credit agreement (LOC) between them and Tiburon Development LLC (Tiburon). They also appeal certain parts of the attorney fees award entered against them and their law firm in favor of David Sell (Sell). We affirm in part, reverse in part, and remand for further proceedings.

## I.     Background

### A.     History Preceding Prior Appeal

¶ 2     In 2005, the Kleins and their friends, David King, Betty King, Sell, and Sell's brother, formed a limited liability company, Tiburon, to build a vacation home in Costa Rica. The Kleins, the Kings, Sell, and Sell's brother (the members) each owned 25% of Tiburon.

¶ 3     In 2011, Tiburon acquired a Costa Rican corporation that owned a vacation home (VC5) in Costa Rica. In conjunction with the acquisition, the members entered into an operating plan to

1

govern Tiburon's use of VC5. The members agreed to split the operating costs for VC5 in proportion to their shares in Tiburon.

¶ 4 The operating plan incorporated the LOC executed by the members as a means of paying for furnishing and outfitting VC5. Under the LOC, the Kleins and the Kings each loaned Tiburon $15,000, with interest to accrue on any unused outstanding balance at a rate of 5.25% per year.

¶ 5 The members furnished the Costa Rican corporation with funds from the LOC and by making purchases for VC5 with their own money. When a member purchased something for VC5, the member would send the receipt to David King (who voluntarily did the accounting for Tiburon), and he would credit that purchase to the purchasing member's Tiburon capital account.

¶ 6 All was not well in paradise. Disagreements between the members arose when they began decorating VC5. And those disagreements worsened over time.

¶ 7 In December 2012, the Kleins purchased their own vacation home in Costa Rica and stopped using VC5. In July 2013, the Kleins offered their interest in Tiburon for purchase by the other members, with the offer remaining open for thirty days. The other

members did not accept the offer.  Also in July, the Kleins requested that the outstanding balance on the LOC be paid.  David King performed the accounting necessary to calculate the outstanding balance on the LOC by equalizing all of the members' capital contributions over the years.  According to that accounting, Sell and his brother collectively owed the Kleins $4686 to satisfy the outstanding balance on the LOC.  Sell and his brother paid the Kleins $4686 on August 7, 2013.

¶ 8    In August 2013, the Kleins stopping paying their share of VC5's operating costs.[1]  They sued Tiburon, asserting the following claims: (1) request for a judicial dissolution of Tiburon; (2) request for an independent accounting; (3) breach of the LOC; and (4) civil theft.  The Kleins also sued Sell for civil theft.  Tiburon counterclaimed for 25% of VC5's operating costs, alleging that the Kleins had failed to pay such sums since August 2013.  All parties requested awards of attorney fees and costs.

---

[1] Before August 2013, the Kleins never paid any portion of VC5's operating costs because Sell and his brother paid the costs and had those payments credited to their capital contributions to Tiburon. After the members' contributions were equalized, however, the members were responsible for paying their share of the costs pursuant to the operating plan.

¶ 9     While the case was pending, the district court dismissed the Kleins' claim for judicial dissolution because they had caused an extrajudicial dissolution of Tiburon.

¶ 10    In October 2014, following a trial to the court, the court ruled as follows on the remaining claims:

- Tiburon did not breach the LOC by offsetting the members' capital contributions against the outstanding balance. The contracts governing Tiburon provided for the members' capital contributions to be equalized and David King's accounting satisfied that provision.

- Tiburon breached the LOC by not paying the Kleins interest on the loan. The Kleins, however, failed to prove actual damages for this breach; thus, the court awarded them nominal damages of one dollar.

- David King's accounting was substantially fair and accurate, and any inaccuracies were immaterial. Therefore, an independent accounting was unnecessary.

- The Kleins' civil theft claims against Tiburon and Sell were meritless. There was no evidence that any member had stolen

4

the Kleins' personal property or that the Kleins had been denied access to VC5.

- The Kleins breached the operating plan by not paying their share of VC5's operating costs.  The court awarded Tiburon $2510 — 25% of VC5's operating costs since August 2013.

- Tiburon and Sell were entitled to their costs as prevailing parties.

- It was premature to make a determination regarding attorney fees, and the parties were free to file appropriate motions under C.R.C.P. 121.

¶ 11    The Kleins filed a C.R.C.P. 59 motion for amendment of the court's findings and judgment or, in the alternative, for a new trial. The Kleins requested an award of attorney fees and costs in their C.R.C.P. 59 motion and in a separate motion, arguing that the LOC contained a fee-shifting provision that provided for an award of attorney fees.  Tiburon and Sell filed motions requesting their attorney fees and costs on various grounds.

¶ 12    The district court did not rule on the Kleins' C.R.C.P. 59 motion (and therefore it was deemed denied as a matter of law).

But the district court deferred ruling on the parties' motions for attorney fees and costs.

¶ 13    While the attorney fees and costs motions were still pending, the Kleins appealed the district court's judgment. The Kleins also asserted on appeal that the district court judge was biased against them and requested the appointment of a new judge. In addition, the Kleins requested an award of attorney fees and costs incurred in appealing the judgment. In an unpublished opinion, a division of this court affirmed the district court's judgment and denied the Kleins' additional requests on appeal. *Klein v. Tiburon Dev., LLC*, (Colo. App. No. 14CA2523, Jan. 28, 2016) (not published pursuant to C.A.R. 35(f)). The division also dismissed the Kleins' request for attorney fees pursuant to the LOC, concluding that it lacked jurisdiction to review the issue because the district court had not yet issued a final order on the issue of attorney fees.

### B.    History Subsequent to the Prior Appeal

¶ 14    Following remand, the district court denied the Kleins' request for attorney fees and costs pursuant to the LOC. The district court concluded that the Kleins were not the prevailing party as to either Tiburon or Sell and that the LOC's fee-shifting provision alone did

6

not entitle the Kleins to their attorney fees and costs. The district court, however, granted both Tiburon's and Sell's separate motions for attorney fees pursuant to section 13-17-102, C.R.S. 2016, and costs as the prevailing parties, determining that Tiburon and Sell were entitled to $53,789 and $56,153, respectively. In support of these awards, the district court found the Kleins' conduct in the litigation to be vexatious and improper, their legal claims to be substantially groundless, and that the Kleins not only routinely disregarded their discovery obligations but "engaged in virtually every kind of sanction-worthy conduct" set forth in section 13-17-102.

¶ 15     Sell subsequently filed a C.R.C.P. 59 motion requesting reconsideration of the amount of attorney fees awarded to him, and he specifically asked the district court to amend the judgment to include attorney fees that he incurred in seeking the award of his attorney fees against the Kleins. The court granted Sell's motion, amending the amount of fees awarded to Sell from $54,800 to $67,525.

## II. Discussion

¶ 16 The Kleins raise three claims on appeal. First, the Kleins contend that the district court erred in denying their request for attorney fees, arguing that the unilateral fee-shifting provision in the LOC entitles them to attorney fees and costs incurred to enforce the interest provision of the LOC, as they sought to do through their third claim for relief. Second, the Kleins contend that the district court erred in awarding Sell the attorney fees he incurred in seeking an award of fees because Sell failed to carry his burden to prove that the Kleins' defense to his fees motion lacked substantial justification. Third, the Kleins contend that the district court's award of fees to Sell unreasonably included fees Sell incurred to respond to portions of the post-trial motions that were not relevant to the Kleins' claims against Sell. As discussed below, we reject the first and third claims of error, but we conclude that the second contention has merit necessitating further proceedings on remand.

### A. The District Court Did Not Err in Denying the Kleins' Request for Attorney Fees

¶ 17 The Kleins contend that the district court erroneously denied their request for attorney fees pursuant to the fee-shifting provision

of the LOC.  The LOC identified Tiburon as the Borrower and the Kleins and Kings, collectively, as the Lender.[2]  Paragraph nine of the LOC provides as follows:

> Should this note be referred to an attorney for collection Borrower shall pay all of Lender's actual costs, fees (including reasonable attorneys' fees) and expenses resulting from such referral.

¶ 18    The district court denied the Kleins' request for attorney fees and costs on grounds that the Kleins were "not the prevailing party" and that their request for fees under the LOC "is not supported by the facts or the law."  The Kleins contend that paragraph nine is not a "prevailing party" provision, and, therefore, the district court erred by deciding their entitlement to fees based on a determination of which party prevailed in the litigation.  They argue that the plain language of paragraph nine mandates an award of attorney fees and costs in their favor because they "prevailed" on their claim to

---

[2] Although the LOC identifies the Kleins and Kings collectively as the Lender and the Kings were not parties to the litigation, Tiburon does not argue on appeal that the lack of participation of the Kings in the litigation is an infirmity in the Kleins' ability to enforce the fee-shifting provision of the LOC.  Accordingly, we assume that the Kleins have the capacity to enforce the Lender's rights under the LOC.

enforce the LOC's interest provision and that the district court's discretion was limited to deciding *the amount* of that award. Tiburon defends the district court's decision on the grounds that enforcing paragraph nine and awarding the Kleins their attorney fees and costs pursuant to the LOC would violate public policy based upon the facts and circumstances of this case. We agree with Tiburon.

¶ 19 "We review a district court's interpretation of a contractual fee-shifting provision de novo." *Blooming Terrace No. 1, LLC v. KH Blake St., LLC*, 2017 COA 72, ¶ 25. "Contractual fee-shifting provisions are generally valid under Colorado law," and "a fee-shifting provision need not be mutual to be enforceable." *Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1260 (Colo. App. 2008) (citing *Butler v. Lembeck*, 182 P.3d 1185, 1189-90 (Colo. App. 2007)). But a fee-shifting provision, like any contractual provision, may not be enforced as written if doing so would violate public policy. *See S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein*, 2014 COA 171, ¶¶ 20-21 (imposing a "reasonableness" requirement in a contractual fee-shifting agreement as a matter of public policy because "a starkly absolute fee-shifting provision that

does not impose a reasonableness requirement on the amount of attorney fees and costs awarded contravenes public policy"); *see also Fed. Deposit Ins. Co. v. Am. Cas. Co. of Reading*, 843 P.2d 1285, 1290 (Colo. 1992) ("It is a long-standing principle of contract law that a contractual provision is void if the interest in enforcing the provision is clearly outweighed by a contrary public policy.").

¶ 20　　The fee-shifting provision in paragraph nine is not, by its terms, a prevailing-party provision. Instead, it entitles the Kleins, as the Lender, to recover "all" of their attorney fees and costs incurred as a result of any "referr[al] to an attorney for collection" of the LOC, without regard to whether they prevail in such efforts and no matter their own conduct in the course of the ensuing proceedings. Indeed, the Kleins contend that they are entitled to have paragraph nine enforced in their favor notwithstanding (1) their nominal success on their claim to enforce the LOC and (2) the fact that they were ordered to pay all of Tiburon's attorney fees pursuant to section 13-17-102. For the reasons set forth below, we conclude that enforcing paragraph nine in favor of the Kleins under the facts as determined by the district court and supported by the record would violate public policy.

11

¶ 21    First, although paragraph nine is not a prevailing-party provision, determining who prevailed is critical to resolving the issue of whether enforcing the provision in the Kleins' favor violates public policy. And the Kleins were not the prevailing party in any meaningful way. When determining entitlement to fees under a fee-shifting provision of a contract, "[t]he determination of which party prevailed is committed to the discretion of the trial court and is subject to an abuse of discretion standard of review on appeal." *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 328 n.6 (Colo. 1994) (citing *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990)); *see also Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 503 (Colo. App. 2003).

¶ 22    The district court concluded that the Kleins "were not the prevailing party as to either Defendant in this action." In support of that conclusion, the district court made the following findings, which are amply supported by the record:

- "[T]here is no legitimate question about who prevailed. Defendants defeated Plaintiffs' claims against them (minus $1.00), and prevailed on Tiburon's counterclaim."

12

- "Defendants withstood [the Kleins'] litigious onslaught and ultimately defeated [the Kleins'] goal of forcing a buyout of their interests."

- "Collecting unpaid interest on a note was such a trivial part of the case that [the Kleins] did not even bother to present damages evidence with respect to it."

¶ 23    The Kleins contend that the district court's prevailing-party analysis focused too broadly. They contend that the analysis should have focused only on whether they prevailed on their claim for interest under the LOC, a claim on which they were awarded nominal damages of one dollar. We disagree. Even if the germane prevailing-party analysis should be limited to a subset of the claims in the litigation, it should nevertheless focus on the entire claim related to the LOC. And even doing so, the record supports the district court's conclusion that they were not the prevailing party.

¶ 24    The gravamen of the Kleins' claim for breach of the LOC was that Tiburon breached the LOC by offsetting the amount its members owed the Kleins under the LOC against contributions the borrower-members had made to cover operating expenses. Indeed, a considerable portion of the litigation was dedicated to this

contention. The district court concluded that "the accounting prepared by Mr. King was substantially fair and accurate and that any inaccuracies were immaterial." The Kleins lost this part of the LOC claim in its entirety.

¶ 25    The only part of the LOC claim that the Kleins prevailed on was that they were owed interest on the LOC. The district court concluded, with record support, that this claim was "uncontested" and "only a small part" of the LOC claim, which was "itself only a very minor part of the litigation." The inconsequential nature of the claim for interest was highlighted by the district court's finding that the Kleins "did not even bother to present damages evidence with respect to it."

¶ 26    In short, the Kleins lost the predominant and only contested part of the LOC claim, and they only nominally prevailed on the secondary and uncontested issue of the entitlement to interest on the LOC. Based on the district court's findings, it would have been an abuse of discretion for it to conclude that the Kleins were the prevailing party on the LOC claim. *Cf. Bedard v. Martin,* 100 P.3d 584, 593 (Colo. App. 2004) ("When each party prevails in part, the trial court generally must select one party as the overall winner for

purposes of the fee-shifting agreement."); *Wheeler*, 74 P.3d at 503 (Contractual fee-shifting provisions "generally contemplate that the prevailing party will be entitled to recover its attorney fees and that there will be one winner and one loser regarding payment of those fees."). Thus, the record only supports one conclusion on the LOC claim — that Tiburon prevailed.

¶ 27 In addition to not prevailing in any meaningful way on their LOC claim, the Kleins were sanctioned for their conduct during the course of the litigation. The district court made the following findings, with record support:

- "[The Kleins] routinely failed to comply with their duty to confer to resolve disputes, failed to comply with dispute resolution procedures agreed-upon in the parties' Operating Agreement, and threatened non-parties with Rule 11 sanctions and perjury."

- "[The Kleins'] conduct needlessly expanded the proceedings and ran up the other side's costs — which appears to have been the whole point."

- "[The Kleins'] conduct in this litigation — largely taken through and with the willing assistance of Frank/Klein P.C.

15

— was of such nature as to require sanctions under C.R.S. § 13-17-102."

- "[The Kleins] engaged in virtually every kind of sanction-worthy conduct enumerated in [section 13-17-102] over the course of this case, including bringing claims that lacked substantial justification or were interposed for delay or harassment, and unnecessarily expanding the proceedings by improper conduct."

¶ 28     Due to this conduct, the Kleins were ordered to pay all of Tiburon's attorney fees, including the fees Tiburon incurred in defending the Kleins' LOC claim. The Kleins have not appealed this part of the district court's order. It would be antithetical to the purpose of section 13-17-102 to enforce paragraph nine in their favor given the sweep of the sanctions imposed against them. *See* § 13-17-101, C.R.S. 2016; *cf. Wheeler*, 74 P.3d at 503 (A contractual fee-shifting provision "is not intended to result in each side paying the other's fees.").

¶ 29     In summary, we conclude that enforcing a unilateral fee-shifting provision in favor of a non-prevailing party that itself was sanctioned for frivolous and vexatious conduct would violate public

policy. Accordingly, we affirm the district court's denial of attorney fees and costs to the Kleins. *See People v. Chase*, 2013 COA 27, ¶ 17 ("[W]e may affirm a trial court's ruling on grounds different from those employed by that court, as long as they are supported by the record.").

### B. The District Court Erred By Awarding Sell Fees Incurred In Seeking Fees

¶ 30 The party seeking an award of attorney fees bears the burden of proving, by a preponderance of the evidence, his or her entitlement to the award. *Regency Realty Inv'rs, LLC v. Cleary Fire Prot., Inc.*, 260 P.3d 1, 8 (Colo. App. 2009). A party awarded its fees pursuant to section 13-17-102 is not automatically entitled to recover expenses incurred in pursuing such an award of fees, even when successful. *Bd. of Cty. Comm'rs v. Kraft Bldg. Contractors*, 122 P.3d 1019, 1022 (Colo. App. 2005). Instead, to support an award of attorney fees incurred in seeking fees pursuant to section 13-17-102, the district court must determine that the sanctioned party's defense to that motion lacked substantial justification. *Id.*; *Foxley v. Foxley*, 939 P.2d 455 (Colo. App. 1996). We review the reasonableness of a district court's award of attorney fees for an

abuse of discretion. *Crandall v. City & Cty. of Denver*, 238 P.3d 659, 661 (Colo. 2010).

¶ 31     The Kleins contend that the district court erred by amending the initial fee award to Sell to include the attorney fees Sell incurred in seeking the initial award of fees. The Kleins contend that Sell failed to carry his burden to prove that the Kleins' defense to Sell's fees motion lacked substantial justification, and that the district court never found that the Kleins' defense was frivolous, as necessary to support such an award. Sell responds that the amended judgment is supported by the district court's findings of fact and the court's order in which it determined that he satisfied his burden of proof. Sell further contends that the Kleins waived any right to dispute his entitlement to these fees when they voluntarily satisfied the court's initial fee award, which included some portion of the fees he incurred in seeking fees.

¶ 32     We conclude that the district court's amendment of its initial fee award to include fees Sell incurred in seeking fees was error. We further conclude that the Kleins did not waive or otherwise moot their right to appeal the propriety of the amended award through partial payment of the initial fee award.

¶ 33    An award of fees incurred in seeking fees under section 13-17-102 must be supported by a determination in the record that the sanctioned party's *defense* to the fees motion lacked substantial justification.  *Kraft*, 122 P.3d at 1022-23.  But the record here contains no such determination.  Nor does the district court's statement that Sell satisfied his burden of proving his entitlement to fees satisfy this requirement.  Indeed, Sell did not meet his burden.  Nowhere in Sell's C.R.C.P. 59 motion did he substantively argue that the Kleins' defense to his fees motion was frivolous.  Instead, he discussed only the frivolity of the Kleins' claims *at trial.* Sell's only reference to the Kleins' defense to his fees motion was his statement that it "would have been among the documents the Court stated it had reviewed" in reaching its decision to award fees to defendants.  This is insufficient where the court made no particularized findings concerning the merits of the Kleins' opposition to Sell's fees motion.  *Foxley*, 939 P.2d at 460 ("Absent a finding that the defense to a motion for fees . . . lacks substantial justification, fees and costs may not be awarded for challenging that defense.").

¶ 34    Nor are we persuaded by Sell's contention that *Parker v. Davis*, 888 P.2d 324 (Colo. App. 1994), supports his entitlement to these fees. In *Parker*, the court granted an award of fees incurred in seeking fees in the absence of a specific finding that the sanctioned party's defense was frivolous only because that party had "made statements on the record that precluded the need for proof on this issue." *Id.* at 327. Sell cites no analogous statements made by the Kleins here, so *Parker* is readily distinguishable.

¶ 35    The record confirms that the Kleins' objection to Sell's fees motion did not lack substantial justification. An argument is not frivolous or groundless when it has a rational basis in fact and law, and the district court's mere rejection of an argument does not render it frivolous. *Kraft*, 122 P.3d at 1022. The Kleins' objection to Sell's fees motion argued, *inter alia*, that an adverse fee award would be inconsistent with their claim to collect interest on the LOC; argued that an award of fees as to a claim on which there was conflicting testimony was error; and cited case law that provided rational, though ultimately not persuasive, support for these arguments. The district court's rejection of the Kleins' defense does

not justify an inference that their defense lacked substantial justification. And the district court made no finding that it did.

¶ 36 We disagree that the Kleins' payment of the initial fee award, a portion of which included Sell's fees incurred in seeking fees, waives or moots their claim on appeal. As the supreme court stated in *USAA v. Parker*, 200 P.3d 350 (Colo. 2009):

> The general rule is that one against whom a judgment or decree for a sum of money has been rendered does not, *by voluntarily paying or satisfying it,* waive or lose his right to review it upon a writ of error or appeal *unless such payment or satisfaction was by way of compromise or with an agreement not to pursue an appeal or error proceeding.*

*Id.* at 357 (quoting *Reserve Life Ins. Co. v. Frankfather,* 123 Colo. 77, 85, 225 P.2d 1035, 1039 (1950)).

¶ 37 Because the record does not show any agreement between the Kleins and Sell that satisfaction of the initial fee award would preclude any later appeal, this general rule controls. The partial payment of Sell's fees incurred in seeking fees thus does not waive any portion of the Kleins' claim on appeal.

¶ 38 For these reasons, we conclude that the district court erred in including in its fee award the fees incurred by Sell in pursuing his

21

motion for fees against the Kleins. We reverse the court's order amending the judgment amount awarded to Sell for attorney fees and direct the court on remand to subtract the amount of those fees from the award.

### C. The District Court's Award of Attorney Fees To Sell For Responding To The Kleins' Rule 59 Motion Was Not An Abuse Of Discretion

¶ 39 The determination of what constitutes reasonable attorney fees is a question of fact for the district court and will not be disturbed on review unless it is patently erroneous and unsupported by the evidence. *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 384 (Colo. 1994). We review the reasonableness of the amount of attorney fees awarded for an abuse of discretion. *Crandall*, 238 P.3d at 661. The district court must make sufficient findings to permit appellate review of an attorney fees award. *Yaekle v. Andrews*, 169 P.3d 196, 201 (Colo. App. 2007), *aff'd*, 195 P.3d 1101 (Colo. 2008).

¶ 40 The Kleins contend that the district court abused its discretion by awarding Sell fees incurred in responding to their C.R.C.P. 59 motion, which they contend had little or nothing to do with Sell. The Kleins argue that by incurring more than $6000 in fees to

22

respond, Sell violated his duty to mitigate fees under section 13-17-102, and the award of fees was therefore unreasonable. The Kleins also contend that the district court did not make sufficient findings to permit appellate review. We disagree that the district court abused its discretion.

¶ 41 Sell was entitled to file a response to the Kleins' C.R.C.P. 59 motion, in which the Kleins requested, *inter alia,* that the court grant a new trial. The remedies the Kleins requested — and the repeated framing of the disputed issues in reference to the "Defendants," instead of merely defendant Tiburon — were such that it was not unreasonable for Sell to respond to the entirety of the Kleins' motion.

¶ 42 Nor can we conclude that Sell breached his duty to mitigate fees — for the foregoing reasons and because the award of $6000 to Sell for fees incurred to file a response did not render the resultant fee award "grossly out of proportion to the seriousness of the issue[s] in dispute." *Kraft,* 122 P.3d at 1023.

¶ 43 We also conclude that the district court's findings supporting the award of attorney fees to Sell are sufficient to permit appellate review. The Kleins' argument focuses only on the content of the

23

district court's July 7, 2016, order amending the amount of the fees award. But the July 7th order, although cursory, merely corrected the *amount* of the judgment set forth in the court's May 2, 2016, order. The Kleins do not address whether the court's May 2nd order includes findings and discussion sufficient to permit appellate review of the award. We conclude that it does.

¶ 44 For these reasons, we conclude that it was not an abuse of discretion for the district court to award Sell the attorney fees he incurred to respond to the Kleins' C.R.C.P. 59 motion, and that the decision is supported by findings in the record.

III. Conclusion

¶ 45 We affirm the district court's judgment denying an award of attorney fees and costs to the Kleins. In addition, we affirm the district court's judgment awarding Sell the attorney fees he incurred to respond to the Kleins' C.R.C.P. 59 motion. We reverse the district court's judgment insofar as the court awarded Sell the attorney fees he incurred in seeking fees against the Kleins, and we remand the case with instructions for the district court to subtract the amount of such fees from the award.

JUDGE GRAHAM and JUDGE CASEBOLT concur.

24