24CA0502 Halper v Moore 03-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0502
San Miguel County District Court No. 22CV4
Honorable Keri A. Yoder, Judge

---

Mark Halper,

Plaintiff-Appellant,

v.

Jerry D. Moore; Linda K. Moore; Michael J. Lynch; and Robinson Waters & O'Dorisio, P.C.,

Defendants-Appellees.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE GOMEZ
Fox and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

---

Mark Halper, Pro Se

Robinson Waters & O'Dorisio, P.C., Michael J. Lynch, Telluride, Colorado, for Defendants-Appellees Jerry D. Moore and Linda K. Moore

Gordon Rees Scully Mansukhani LLP, John Palmeri, Denver, Colorado, for Defendants-Appellees Michael J. Lynch and Robinson Waters & O'Dorisio, P.C.

¶ 1    Plaintiff, Mark Halper, appeals the trial court's order awarding attorney fees and costs under Colorado's anti-SLAPP[1] statute, § 13-20-1101(4)(a), C.R.S. 2024, to defendants Michael J. Lynch and Robinson Waters & O'Dorisio, P.C. (the firm).[2]  We affirm.

## I.    Background

¶ 2    In 2020, Jerry D. and Linda K. Moore filed a criminal trespass complaint with the San Miguel County Sheriff's Office alleging that Halper, who lives near them, had illegally parked vehicles on their property.  The District Attorney's office filed a misdemeanor charge against Halper but later dismissed it.

¶ 3    Halper, representing himself, then filed the underlying case, asserting a claim against the Moores for malicious prosecution.  He later added as defendants Lynch (the Moores' attorney) and the firm (where Lynch works), alleging that they "aided and abetted" and "conspired" with the Moores in the complained-of conduct.

---

[1] "SLAPP" stands for "strategic lawsuits against public participation."  *Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 1 n.1.

[2] The order on appeal awards attorney fees and costs to these two defendants only.  The other two defendants, Jerry D. and Linda K. Moore, didn't file a motion for fees and costs.

¶ 4    All four defendants filed a special motion to dismiss pursuant to the anti-SLAPP statute, § 13-20-1101(3).  The trial court granted the motion, dismissing the case with prejudice.

¶ 5    Halper appealed the dismissal, arguing, among other things, that (1) the defendants lied in affidavits submitted to the trial court; (2) the trial court erred by relying largely on law applying California's anti-SLAPP statute; and (3) the trial court showed the defendants preferential treatment.  A division of this court affirmed the dismissal, granted the defendants appellate attorney fees under section 13-20-1101(4)(a), and remanded the case to the trial court to calculate and award those fees.  *Halper v. Moore*, (Colo. App. No. 23CA0325, Dec. 21, 2023) (not published pursuant to C.A.R. 35(e)) (*Halper I*).

¶ 6    On remand, Lynch and the firm filed a motion and supporting documentation seeking reimbursement of their appellate attorney fees, as well as their appellate costs, which were recoverable under section 13-20-1101(4)(a) and C.A.R. 39(a)(2).  In its order granting the motion, the trial court weighed the factors articulated in *Payan v. Nash Finch Co.*, 2012 COA 135M, and determined that the amount of reasonable attorney fees incurred in the appeal was

$5,351.50. The court also found that the amount of costs reasonably and necessarily incurred in the appeal was $189.19. Accordingly, the court awarded Lynch and the firm a total of $5,540.69 in appellate fees and costs.

## II.   Attorney Fee and Costs Award

¶ 7    Under the anti-SLAPP statute, § 13-20-1101(4)(a), a prevailing defendant on a special motion to dismiss is entitled to recover their reasonable attorney fees and costs. *Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 54.

¶ 8    Because trial courts have considerable discretion in determining the amount of an attorney fee and cost award, we review such an award for an abuse of discretion. *Klein v. Tiburon Dev. LLC*, 2017 COA 109, ¶ 39; *Tisch v. Tisch*, 2019 COA 41, ¶ 77. A court abuses its discretion if its award is manifestly arbitrary, unreasonable, or unfair, *Nesbitt v. Scott*, 2019 COA 154, ¶ 16, or is based on a misapplication of the law, *Payan*, ¶ 16. "Whether attorney fees are reasonable is a question of fact for the trial court; thus, we will not disturb its ruling on review unless patently erroneous and unsupported by the evidence." *Nesbitt*, ¶ 16.

¶ 9    While Halper appeals the trial court's order awarding appellate attorney fees and costs to the defendants, he doesn't advance any arguments specifically relating to the award.  Although we must broadly construe Halper's pleadings "to ensure that [he is] not denied review of important issues because of [any] inability to articulate [his] argument like a lawyer," *Jones v. Williams*, 2019 CO 61, ¶ 5, we cannot "rewrite [his] pleadings" or "act as an advocate for [him]," *Johnson v. McGrath*, 2024 COA 5, ¶ 10; *see also Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 71 ("[I]t is not this court's . . . proper function to make or develop a party's argument when that party has not endeavored to do so itself.") (citations omitted).

¶ 10    Because Halper hasn't developed an argument that the trial court erred in calculating and awarding attorney fees and costs, and there is no indication that the trial court abused its discretion in doing so, we do not disturb the order.  *See Johnson*, ¶ 10; *Gravina Siding & Windows Co.*, ¶ 71; *see also Loomis v. Seely*, 677 P.2d 400, 402 (Colo. App. 1983).

## III.  Other Arguments

¶ 11  Instead of developing any arguments regarding the award of attorney fees and costs, Halper advances several challenges to the trial court's dismissal of his complaint under section 13-20-1101(3), including many of the same arguments that he raised and the division rejected in *Halper I.*

¶ 12  The dismissal, which was already affirmed by another division of this court, is not at issue here.  *See Halper I*, ¶ 30.  We therefore decline to consider Halper's arguments again challenging it.  *See Saint John's Church in Wilderness v. Scott*, 2012 COA 72, ¶ 8 ("The law of the case doctrine protects parties from relitigating settled issues, on the grounds that courts generally 'refuse to reopen what has been decided.'" (quoting *People ex rel. Gallagher v. Dist. Ct.*, 666 P.2d 550, 553 (Colo. 1983))); *Simpson v. Yale Invs., Inc.*, 886 P.2d 689, 699 (Colo. 1994) ("When a case is remanded to the trial court and subsequently appealed, the reviewing court will consider only those issues arising after the remand and whether the trial court complied with the order of remand.").

IV.   Appellate Attorney Fees for this Appeal

¶ 13    Finally, Lynch and the firm seek attorney fees for this appeal under section 13-20-1101(4)(a).  But they haven't developed any argument demonstrating that they are entitled to an award of fees under the anti-SLAPP statute for this appeal of an attorney fee order (rather than a dismissal order), and we will not develop that argument for them.  *See Gravina Siding & Windows Co.*, ¶ 71; *see also* C.A.R. 39.1 ("[T]he principal brief of the party claiming attorney fees . . . must explain the legal and factual basis for an award of attorney fees.  Mere citation to this rule or to a statute, without more, does not satisfy the legal basis requirement."); *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12 ("We don't consider undeveloped and unsupported arguments."), *aff'd*, 2021 CO 56.  We therefore deny the request for attorney fees for this appeal.

V.   Disposition

¶ 14    The order is affirmed.

JUDGE FOX and JUDGE LUM concur.